IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
FEB 17 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INDICTMENT** |
| Plaintiff, | ) ) ) | 1:22 CR 71 |
| v. | ) ) | CASE NO. _____ |
| TIMOTHY RAY JENKINS, | ) ) | Title 26, United States Code, Sections 7202 and 7212(a) |
| Defendant. | ) ) | JUDGE PARKER |

## GENERAL ALLEGATIONS

At all times relevant to this Indictment, unless otherwise specified:

1. Defendant TIMOTHY RAY JENKINS resided in or around Woodmere, Ohio, in the Northern District of Ohio, Eastern Division.

2. Dan-Ray Construction LLC (also known as "DRC LLC," hereinafter "DRC") was a limited liability company doing business in and around Cleveland, Ohio. DRC was engaged in the business of construction services, often serving as a subcontractor for Company 1, a Cleveland-area general contractor.

3. Defendant was the true manager and owner of DRC.

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

5. Pursuant to the Internal Revenue Code and associated statutes and regulations, employers are required to withhold amounts from their employees' gross pay including Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes,

and federal income taxes. These taxes will be referred to in this Indictment collectively as "trust fund taxes" because employers hold the withheld amounts in trust until paid over to the United States. Employers are required to remit these withheld, trust fund amounts to the IRS on a quarterly basis, no later than the last day of month following the end of the quarter.

6.  In addition to the trust fund taxes that must be withheld from pay, employers are separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions are likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly are commonly referred to as "employment taxes," made up of the trust fund taxes withheld (individual income, Social Security and Medicare taxes) and the matching amounts contributed by the employer.

7.  Employers are required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits.

8.  A person is responsible for collecting, accounting for, and paying over the employment taxes if he or she has the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact.

9.  Defendant exercised control over DRC's financial affairs by, among other acts, controlling DRC's finances, including by signing checks and controlling DRC's bank accounts, and overseeing payroll payments to employees and withholdings from those payments, purportedly to pay over withheld employment taxes to the IRS. Specifically, although Defendant had no intention to file any tax returns or pay any employment taxes, Defendant consistently

instructed Company 2, which prepared DRC's payroll, to turn over to Defendant all Forms 941 and other reports and tax filings that Company 2 had prepared, representing that DRC would file the reports and returns with the appropriate agencies. Accordingly, Defendant was a responsible person for collecting trust fund taxes, accounting for the employment taxes by filing Forms 941 with the IRS, and paying over to the IRS the employment taxes for DRC's employees.

## COUNTS 1 – 11
(Failure to Account for and Pay Over Taxes, 26 U.S.C. § 7202)

The Grand Jury charges:

10. The allegations contained in paragraphs 1 through 9 of this Indictment are realleged and incorporated by reference as if stated fully herein.

11. On or about the dates listed in the table below, for each of the calendar quarters listed below, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant TIMOTHY RAY JENKINS, who was a person required to collect, account for on quarterly Forms 941, and pay over to the IRS on behalf of DRC the trust fund taxes imposed on its employees by the Internal Revenue Code, did willfully fail to truthfully account for and pay over the trust fund taxes due and owing to the IRS on behalf of the employees of DRC, each quarter constituting a separate count of this Indictment:

| Count | Calendar Year and Quarter | Due Date of Form 941 (On or About) |
|---|---|---|
| 1 | 2015, 2nd Quarter | July 31, 2015 |
| 2 | 2015, 3rd Quarter | October 31, 2015 |
| 3 | 2015, 4th Quarter | January 31, 2016 |
| 4 | 2016, 1st Quarter | April 30, 2016 |
| 5 | 2016, 2nd Quarter | July 31, 2016 |
| 6 | 2016, 3rd Quarter | October 31, 2016 |
| 7 | 2016, 4th Quarter | January 31, 2017 |
| 8 | 2017, 1st Quarter | April 30, 2017 |
| 9 | 2017, 2nd Quarter | July 31, 2017 |
| 10 | 2017, 3rd Quarter | October 31, 2017 |
| 11 | 2017, 4th Quarter | January 31, 2018 |

All in violation of Title 26, United States Code, Section 7202.

## COUNT 12
(Obstructing the Administration of the Internal Revenue Laws, 26 U.S.C. § 7212(a))

The Grand Jury further charges:

12. The allegations contained in paragraphs 1 through 9 of this Indictment are realleged and incorporated by reference as if stated fully herein.

13. On or about November 8, 2018, in the Northern District of Ohio, Eastern Division, Defendant TIMOTHY RAY JENKINS, knowing of and reasonably foreseeing an IRS criminal investigation into Defendant's failure to account for and pay over employment taxes for DRC and his failure to file income tax returns, and having been informed that he was the subject of such investigation by IRS – Criminal Investigation, did corruptly obstruct and impede, and corruptly endeavor to obstruct and impede, the due administration of the internal revenue laws, that is, the criminal investigation, by committing and causing to be committed various acts, each such act having a nexus to the criminal investigation, including but not limited to the following: making false and misleading statements to investigators regarding his management of DRC's finances, payroll, and tax filings, falsely placing responsibility on his deceased father.

All in violation of Title 26, United States Code, Section 7212(a).

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.